IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN COIT,
    Plaintiff

v.

SUPERINTENDENT GARMAN, et al.,
    Defendants

No. 1:17-cv-01438

(Judge Kane)

## MEMORANDUM

Before the Court is Plaintiff's motion to compel discovery (Doc. No. 42), two motions to appoint counsel (Doc. Nos. 38 and 44), and motion for alternative dispute resolution ("ADR") (Doc. No. 47.) Defendants have also filed a motion for an extension of time to complete discovery (Doc. No. 48), and a motion to depose Plaintiff (Doc. No. 49).

**I.    BACKGROUND**

Plaintiff is currently incarcerated at the State Correctional Institution at Smithfield, Pennsylvania, and is proceeding on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 against a number of individuals employed at the State Correctional Institution at Rockview, Pennsylvania ("SCI-Rockview"). (Doc. No. 1.) Plaintiff alleges, inter alia, that while he was incarcerated at SCI-Rockview, he was subjected to excessive force by corrections officers as well as sexually assaulted. (Id. at 5.) Service of the complaint was ordered and on December 7, 2017, Defendants filed an answer to the complaint. (Doc. No. 27.) Accordingly, the discovery period ended on June 7, 2018, and dispositive motions were due by July 7, 2018. See M.D. Pa. L.R. 26.4.

On May 2, 2018, Plaintiff filed his fourth motion to appoint counsel (Doc. No. 38), and on May 15, 2018, filed a fifth motion to appoint counsel (Doc. No. 44), and a motion to compel (Doc. No. 42), seeking the Court to compel Defendants to produce sections of the Department of

1

Corrections' confidential procedural manuals Policy 6.3.1, relating to facility security, and Policy 6.5.1, relating to administration of Level 5 housing units, as well as grievances and complaints filed by other inmates against Defendants (Doc. No. 38). Defendants object to the production of these documents on the grounds that the requests are not relevant to the instant litigation and that the policies are highly confidential. (Doc. No. 46.)

On July 11, 2018, Plaintiff filed a motion for alternative dispute resolution, providing that because discovery has been "exhausted", and the parties have not filed any dispositive motions, this matter is deemed ready for trial. (Doc. No. 47.) Plaintiff requests that the Court refer this matter to mediation in an attempt to settle this matter. (Id.) Defendants subsequently filed a motion for an extension of time to complete discovery, averring that counsel erred in calendaring the discovery deadline and requesting additional time in which to conduct discovery. (Doc. No. 48.) Defendants simultaneously filed a motion to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2). (Doc. No. 49.)

## II. PLAINTIFF'S MOTION TO COMPEL

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides for a broad scope of discovery. As a consequence, courts often – and appropriately – apply liberal treatment to discovery rules. See, e.g., Clements v. N.Y. Cent. Mut. Fire Ins. Co., 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing Great W. Life Assurance Co. v. Levithan, 152 F.R.D. 494, 497 (E.D. Pa. 1994)).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." Montanez v. Tritt, No. 3:14-cv-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Id. (citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982)).

However, a "valid claim[] of relevance or privilege" operates to restrict a court's otherwise broad discretion under Rule 26(b)(1). McConnell v. Canadian Pac. Realty Co., 280 F.R.D. 188, 192-93 (M.D. Pa. 2011). For instance, in order to ensure secure operation of a state correctional facility, there are certain internal procedures which must be protected from disclosure to the public. See McDowell v. Litz, Civ. No. 08-1453, 2009 WL 2058712, at *4 (M.D. Pa. July 10, 2009); Mearin v. Folino, Civ. No. 11-571, 2012 WL 4378184, at *3-*7 (W.D. Pa. Sept. 24, 2012); Mincy v. Chmielewski, No. 1:05-cv-292, 2006 WL 3042968, at *2 (M.D. Pa. Oct. 25, 2006).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. See Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will not be disturbed absent a showing of an abuse of discretion. See Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

### B. Department of Corrections Policies 6.5.1 and 6.3.1

Plaintiff seeks the production of Department of Corrections' Policies 6.5.1 and 6.3.1. (Doc. No. 43.) Defendants argue that these Policies are highly confidential and do not appear to be relevant to the instant litigation. (Doc. No. 46 at 4.) Defendants further provide that Plaintiff has not identified why these Policies are relevant to Plaintiff's instant claims and therefore, he fails to articulate a basis to overcome the need for confidentiality. (Id. at 5.) The Court agrees. The United States Supreme Court has recognized a qualified government documents privilege. Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 405 (1976); Paluch v. Dawson, No. 1:cv-06-01751, 2007 WL 4375937, at *2-*3 (M.D. Pa. Dec. 12, 2007). Plaintiff neither articulates nor demonstrates the relevance of Policies 6.5.1 or 6.3.1 with regard to his instant claims. See Montanez, 2016 WL 3035310, at *2. Thus, the Court will deny Plaintiff's motion to compel the production of the 6.5.1 and 6.3.1 Policies.

### C. Grievances and Complaints

Plaintiff also moves to compel Defendants to produce "any and all grievances, complaint[s], or other documents" concerning the "mistreatment of inmates by" the Defendants. Defendants have objected to this request as overly broad, irrelevant, and unreasonably burdensome. The Court notes that this type of generalized and sweeping request has been repeatedly denied by judges within this district as being not only overly broad, but unduly infringing upon the privacy interest of other inmates who may have sought to grieve unrelated issues that they had with staff. See, e.g., Montanez, 2016 WL 3035310, at *4 (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues"); McDowell v. Litz, No.

4

1:cv-08-1453, 2009 WL 2058712, at *3 (M.D. Pa. July 10, 2009) (finding that requests for discovery of grievances filed by non-party inmates to be "overbroad and overly burdensome" and having "concerns about accessing private information with respect to other inmates' grievances"); Sloan v. Murray, No. 3:11-cv-994, 2013 WL 5551162, at *4 (M.D. Pa. Oct. 8, 2013) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another).

In accordance with the foregoing authority, the Court concludes that Plaintiff's request for any and all grievances, complaints, or other documents concerning the "mistreatment of inmates by" the Defendants to be overly broad and raises privacy and confidential issues of other inmates that are non-parties to this litigation, as well as security concerns. See Lofton v. Wetzel, No. 1:12-cv-1133, 2015 WL 5761918, at *2 (M.D. Pa. Sept. 9, 2015). Accordingly, Plaintiff's motion to compel will be denied.

### III. MOTIONS TO APPOINT COUNSEL

Plaintiff has also filed his fourth and fifth motions to appoint counsel. (Doc. Nos. 38 & 44). In its April 12, 2018 Order (Doc. No. 37), the Court addressed Plaintiff's third motion to appoint counsel and denied the same without prejudice. In reviewing Plaintiff's current motions to appoint counsel (Doc. Nos. 38 and 44), the Court discerns no change in Plaintiff's condition or circumstances from his previously filed motion to appoint counsel. Accordingly, for the same reasons set forth in this Court's April 12, 2018 Order (Doc. No. 37), the Court will deny Plaintiff's fourth and fifth motions to appoint counsel without prejudice. (Doc. Nos. 38, 44.) However, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the Court sua sponte or upon a motion properly filed by Plaintiff.

5

### IV. MOTIONS FOR ADR, EXTENSION OF TIME TO COMPLETE DISCOVERY, AND TO DEPOSE PLAINTIFF

Although Plaintiff has filed a motion for ADR, given Defendants' motion for an extension of time to complete discovery and motion to depose Plaintiff, the Court will deny without prejudice Plaintiff's motion requesting that the matter be referred for mediation. (Doc. No. 47). The Court will grant Defendants' motion for an extension of time to complete discovery (Doc. No. 48), reopen discovery and extend the discovery deadline to September 28, 2018. The Court will also extend the dispositive motion deadline to October 31, 2018. Finally, the Court will grant Defendants' motion to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2). (Doc. No. 49.)

### V. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion to compel (Doc. No. 42), deny without prejudice Plaintiff's motions to appoint counsel (Doc. Nos. 38, 44), and deny without prejudice Plaintiff's motion for ADR (Doc. No. 47). The Court will grant Defendants' motion for an extension of time to complete discovery (Doc. No. 48), and will reopen the discovery period and extend the discovery deadline to September 28, 2018. The Court will also extend the dispositive motion deadline to October 31, 2018. Finally, the Court will grant Defendants' motion to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2). (Doc. No. 49.) An appropriate Order follows.